## The Colonial Finance Co. *v.* Bear.

(Decided October 18, 1933.)

*Mr. Clayton Hoffman* and *Mr. Bruce W. Neilson,* for plaintiff in error.

*Messrs. Hart, Drukenbrod & McHenry,* for defendant in error.

Sherick, P. J. This is an action for conversion instituted by the mortgagor as against his mortgagee for the wrongful seizure of a chattel, to wit, an automobile. This is the second appearance of this suit in this court. The facts in the previous action are practically the same as in this error proceeding, the parties, however, appearing in reverse order. The pertinent facts are to be found fully set forth in the case of

*Bear* v. *Colonial Finance Co.*, 42 Ohio App., 482, 182 N. E., 521, and need not here be repeated.

It should be stated that the mortgagor Bear prays for judgment against the mortgagee company in the sum of $325, being the alleged and proven value of the car at the time of conversion, and for the further sum of $150 as damages for loss of use of the chattel, covering the period from the date of conversion to the date of trial. As a partial defense, the mortgagee company sets up the balance due on its mortgage, which is $230.70, and asks that, if it should be found to have converted the automobile to its own use, it be only held liable for the value thereof at time of conversion, less the amount due on its mortgage, which would restrict the mortgagor to a recovery of the sum of $94.30. The mortgagee further denies the right of the mortgagor to recover any sum for the loss of the car's use.

Verdict was returned in favor of the mortgagor in the sum of $325, upon which judgment was entered, and from this judgment the finance company now prosecutes error.

The first error complained of is that the trial court overruled the motion of the defendant finance company to direct a verdict at the close of the plaintiff's case when it ought to have sustained the same. We are unable to appreciate the reasons assigned for this claimed error. An examination of the testimony introduced on behalf of the plaintiff below plainly indicates and shows that proof was offered on all the material averments of the petition that were required to be proved in order for the plaintiff to make his case. If for no other reason, the motion should have been overruled upon the theory of the scintilla rule.

The second claimed error is in the admission of evidence as to the value placed upon the automobile by one particular witness. The reason assigned is that

this witness had not recently seen the car involved in the suit. This testimony was not dispositive of this issue in the case. We find other witnesses testifying as to value. In the particular instance questioned, we rather feel that this witness's lack of knowledge of the car's condition at the time of conversion rather goes to the weight to be given the testimony of this witness. We see no prejudicial error in this respect.

The third assignment of error occurs in the exclusion of a bit of testimony offered for the purpose of showing that the mortgagee had an agreement or understanding with the garageman to the effect that the car was to be left unlocked. We are unable to see that this testimony could have in any way aided the mortgagee, and surely the mortgagor could not be bound by any such agreement.

The fourth error assigned is that the trial court erred in permitting the defendant in error to file his reply to the answer after all the testimony had been concluded in the trial of the cause. We see no error in this respect. Had counsel for the mortgagee at the inception of the case made a motion for judgment on the pleadings, the above would perhaps have been well taken, but the fact is that the cause proceeded to trial as if the averments of the answer were denied, and we see no error by the court in allowing a reply to be then filed. Section 11347, General Code, provides that a court may, upon such terms as are just, permit the filing of a pleading out of rule. There is no error in this respect.

We come now to consider the principal ground of error relied upon. It pertains to the charge of the court upon the mortgagor's right to recover damages for the loss of use of the seized chattel. The particular part of the charge questioned is as follows:

"Now, on the question of damage for loss of use of car. That would be the reasonable cost of another car

to take the place of this same kind of car. I believe that makes that plain enough.''

We entertain no doubt that the court was in error in the giving of this particular instruction, for we conceive the rule to be otherwise. We direct attention to Bowers on the Law of Conversion, Section 672, page 504. The author there makes the following comment:

"It has frequently been mentioned in these pages that ordinarily the result of the recovery of judgment by plaintiff in trover is to transfer the property to the defendant, the title relating back to the time of the conversion, much as if a sale had then been made to the defendant. The general rule giving the plaintiff as damages the value of the property at the date of conversion with interest therefrom necessarily renders imperative another rule to the effect that the plaintiff is not entitled to recover as an item of his damages anything for the use of the property intermediate the conversion and the trial. This is the general doctrine of the Courts.''

A comparatively recent case from the state of New Mexico is *Martinez* v. *Vigil, Admr.*, 19 N. M., 306, 142 P., 920, L. R. A., 1915B, 291. The second paragraph of the syllabus of this case states the proper rule:

"An instruction in such case, which submits to the jury as the measure of damages both the value of the property at the time of conversion and the value of its use during the time of its detention, is erroneous.''

To the report of this case found in L. R. A., 1915B, appears a note listing numerous authorities subscribing to the rule expressed in the *Martinez case* and by the author Bowers.

Although we find this portion of the charge of the court to be prejudicial error, we are not inclined to reverse this cause; but we rather feel that this error necessitates a modification and diminution of the judgment, as will hereinafter be done, not upon the theory, however, that the sum of $150, as prayed for, or any

part thereof, should be deducted from the judgment, inasmuch as we conclude from the evidence that there is ample proof in this case that the value of the car at the time of conversion was the sum of $325. There is little dispute on this point, and we believe, in the absence of special interrogatories, that the jury by its verdict did not attempt to compensate the mortgagor for any loss of use of the automobile, but that its verdict was responsive to the proven value of the car.

The sixth ground of error urged is that the trial court refused to give four certain written requests to the jury after the court had completed the general charge, the same being offered as propositions of law pertinent to the case or omitted by the court in his general charge. The court refused these requests, giving as his reason therefor that the matter covered therein had already been taken care of in his charge generally.

Request No. 4 pertained to the matter of estoppel, and the court correctly refused to give this special charge, inasmuch as estoppel was not pleaded and was not an issue in the case. An examination of requests Nos. 1 and 3, along with the general charge, plainly shows that a giving of requests 1 and 3 would have been but a repetition of matter fully covered in the general charge. Had the court given these two requests, he would have unduly accentuated these legal propositions, and the court was right in his refusal.

The court said to the jury, in the general charge:

"Now, if you find from the evidence that the automobile was converted on the date set forth here, and you further find that the defendant had a valid and subsisting chattel mortgage on the car at the time of its conversion, then you should give credit for the amount that you find due the defendant under its mortgage."

The court in this statement correctly stated the law. If it is objectionable in any respect, it would go to the

matter of its completeness with reference to the subject.

Request No. 2 is in this language:

"If you find from the evidence that mortgagee, the defendant company, is entitled to possession of this property by reason of default in payment of the note and mortgage, but in the taking thereof committed a breach of the peace as to constitute a conversion of said property, then in the absence of proof of special damages resulting directly from the wrongful taking, defendant is liable to the plaintiff only for the value of the automobile at the time it was taken, less the amount due on said note and mortgage at the time said automobile was taken."

Request No. 2 is proper, and had it been requested before argument, it should have been given, and, if the court did err in its refusal to further clarify and expound what he had to say generally to the jury, we do not find it such error as should work a reversal of this cause. It is apparent, however, that the jury by its verdict did not mitigate the mortgagor's damage by a deduction of the amount due under its mortgage, as a computation of the figures in this case quickly discloses. As previously stated, estoppel was not an issue in this case, and hence there could be no waiver claimed by the defendant in error of the amount due on the mortgage.

The defendant in error advances the fact, as shown by the record, that the mortgagee had sold the automobile for the sum of $150, and a used car, and that this sum should be taken into consideration in determining the damages in this case. We, however, take the theory of the law to be as stated by Bowers, that where one seeks conversion it is like unto a sale of the converted property. Now, if this theory is correct, we are unable to perceive how the mortgagor may be concerned in any way with what the mortgagee may do with this car. We hold the view that he is not so con-

cerned, and any sale price, if it be under the amount due on the mortgage and there be no fraud alleged in such sale, is not a matter of consideration in a case of this kind.

The eighth ground of error charged is that the judgment is excessive, and the reasons assigned for this claim pertain to what we have just considered with respect to request No. 2. As previously indicated, we feel that the error apparent by this excessive verdict may be corrected by modification rather than a reversal of this cause.

It is, therefore, the judgment of this court that the judgment entered in the court below be modified and reduced to the sum of $94.30, with interest thereon at six per cent. from the date of conversion, and that the judgment as modified be affirmed.

*Judgment modified and affirmed.*

LEMERT and MONTGOMERY, JJ., concur.